The opinion of the Court was delivered by
Withers, J.
The plaintiff had process of fieri facias against defendant, who had died ; it had active energy, and had been issued by virtue of a revival on scire facias against the original defendant in his lifetime. In the present action, which was debt by summary process on the original decree or judgment, the plaintiff sought to obtain judgment against this defendant as executor, upon the first recovery against the deceased defendant, and he made such first recovery, not the judgment on scire facias, the foundation of his action.
Upon this, two questions are urged :
1. Can any action be maintained 1
2. If any, should it not have been brought on the judgment on scire facias 7
1. We think the defendant is not well founded in his first objection. It is true, that the Court will not do a nugatory act \ nor permit its process and jurisdiction to be perverted to the end of harassing and oppressing the same defendant with an action on a record for the same demand, while the plaintiff reaps no new fruit — gains no additional advantage. I-Ience some of the writers on the common law deduced from the case in the Year Book, 43 Ed. 3, 2 b, the rule, that, if a man recover a debt he might have an action of debt on this judgment after the year, and not before. Mr. Selwyn, however, citing the same case, observes, that debt lies upon a judgment within or after the year. Wheat. Sel. 601. Whatever may be said upon this rule, this question is not concluded by it; for here the object was to make another party liable, to wit, the present defendant as executor in his own wrong. A judgment against an executor, regularly appointed, for a debt of the testator, who has not pleaded any *373 matter of exemption, and nulla bona being returned, is forthwith the foundation of another action against him to charge him with a devastavit. In such case a new liability on a different person accrues to the plaintiff, and no obstacle, such as is seen in Lee vs. Giles, (1 Pail. 449,) is allowed to arrest the plaintiff, because the reason of the rule referred to does not exist. The party plaintiff has not the full fruition of his judgment — the Court can give him something additional and material. So here: the death of the original judgment debtor, and the conduct of this defendant, have opened to this plaintiff similar rights, and there must be allowed a resort to similar remedies. It is not enough to say, that the plaintiff hath active process of execution which can be levied on the goods of the deceased, for when the executor de son tort has wasted the goods, they are of course not available, by reason of his own wrongful act; and when he contests, by plea, the character in which he is sued, (as he did in this case,) and it is found against him, if this does not subject him to an immediate personal liability, it certainly warrants a judgment against him for debt and costs de bonis testatoris, vel si non, de bonis pr opr Us. (I Wms. on Ex’rs, 217; Hubbell vs. Fogartie, 1 Hill, 167.) We may conclude then that the plaintiff might bring this action.
2. Was he right in founding it upon the original judgment, instead of that pronounced on the scire facias 7
When scire facias is issued between the same parties to a judgment, “ it is, in this case,” (says Foster on Scire Facias, p. 18,) manifestly not an original proceeding, but a continuation of a former suit.” It is in the nature of an action, because the party may plead to it. Now if the scire facias be the proper foundation for the action of debt, it must be because the record is merged in it, and in case of a second scire facias, that also should be founded on the first. But neither of these propositions can be true. “ When judgment has been revived by scire facias, if the plaintiff do not take out execution within a year after such revival, he must either sue out a new scire facias, or bring his action, on the judgment, before execution can be *374 sued out.” Vide Foster’s writ of Scire Facias, p. 27. If the first judgment be merged, this might greatly disturb the plaintiff’s relative priority of lien.
The action of debt must be upon the record ; the scire facias, or the judgment on it, is not that — the latter is but a revival of it — the former but process or notice to bring the party into Court to show cause why the plaintiff should not have execution on it. The forms of pleading in debt on judgment show, that the judgment, not sci.fa. on it, is the cause of action. This point seems not to admit of doubt.
3. The third question presents the most embarrassment. The only judgment we hear of on the sci. fa., the defendant therein having made default, was on the docket to this effect — “ Judgment revived for $44.30 and interest.” The regular form of judgment, according to Tidd, (vide New-York edition, p. 339,) seems to be thus : “ Therefore it is considered, that the said A. B. have his execution against the said C. D. of the damages (or debt and damages) aforesaid, according to the force, form and effect of the said recovery.” The damages aforesaid, (or the debt and damages,) referred to in the scire facias, are such as are stated in the judgment — for that must be pursued; and such, it is presumed, was the nature of the sci.fa. in the present case. The execution issued upon it, directed upon its face the levy of the debt, interest and costs contained in the original judgment; but a considerable sum of costs, which had accrued on execution, after the original Ji. fa. had been lodged and before the judgment on sci.fa., was endorsed on ihefi.fa. which followed the scire facias, and that sum of costs was paid by proceeds of sale of the original defendant’s property, whereby the sum applicable to the debt was reduced. So much as had been applied to such costs, the present defendant insisted was misapplied, and was in law a payment, pro tanto, (being in the sheriff’s hands,) of the debt — and so the plaintiff in this action could not recover the balance he claimed, but only that which would remain after-such application. It is insisted that the judgment on sci. fa. excluded the costs accruing intermediably between that judgment *375 and the original judgment, and should have been recovered specially, if payable at all, either on the scire facias or on a count for that purpose in the present action.
When the plaintiff obtained judgment by default, on the sci. fa., it authorized him, as we have seen, to have execution for his former recovery according to the “ force, form and effect” of the same. Now such a judgment would authorize the collection, by fi. fa., of all the costs which had attended the first and subsequent processes of execution.
The costs included in the original judgment, those which, by operation of law, attended upon thof.fa., one or more, related back to the original recovery, as well as those incident to the sci. fa. That this is true we may well affirm, when the following cases are consulted, which related to the rights of both creditor and bankrupt, •
Aylett vs. Harford et al. 2 Bl. R. 1317. — -Verdict was found before commission of bankruptcy, and 40 s. costs — after that, the plaintiff incurred other costs arising out of his recovery. It was held, that “ the costs de incremento are annexed to those (recovered) and become consolidated by a fair and equitable relation of law.” The plaintiff was held entitled to prove for such subsequent costs.
Graham vs. Benton, 1 Wils. 41. — “ Though costs have been incurred after bankruptcy, yet those and the debt are considered 'only as one debt.” And this is true, though the costs in question arise on a scire facias after the bankruptcy on a judgment recovered before, they relate back to the judgment (Phillips vs. Brown, 6 T. R. 282); or though by action of debt after the bankruptcy on a judgment before, accruing interest and additional costs have been recovered by executors of the deceased judgment creditor (Blandford vs. Foote, Cowp. 138), in which last judgment Lord Mansfield and the whole Court concurred.
We deduce the following consequence : that the “ force, form and effect” of the judgment revived on sci. fa., in the case before us, drew to that recovery all the lawful costs, de incremento; *376 and the order to have execution of it accordingly authorized their collection.
An objection is drawn from the remark on the docket — “Judgment revived for $44.30 and interest.” We cannot construe this to mean otherwise than an order for leave to enter the proper judgment — the form and nature of which has already been suggested — not restricting the force and effect of a judgment on scire facias, upon default. The figures may serve to identify the record to which the order applied. They ought not to have a more extended operation. In Lanier vs. Smyth, 2 Bail. 359, it was decided, that if, on scire facias to revive judgment, the defendant make default, the plaintiff may sign judgment immediately. “ In practice” (says the Court) “ the cases are sometimes placed on the docket, and orders for reviving judgments are made, as of course; but no useful purpose is answered by it, and it is quite unnecessary.”
The only other objection urged is, that the fi. fa. on scire facias did not include the costs in question among the damages which, on its face, were commanded to be levied. To this we must answer, that the scire facias itself had to pursue the original judgment, and the costs in question were of course not in it, for they were subsequent and incidental — that costs, de incremento, are always taxed by the clerk and endorsed on the fi.fa.; that, it is understood, the usual course in renewing fi. fa. before that officer, by virtue of the Act of 1827, is to make the face of the new execution conform to that of the old one, the clerk endorsing the taxation of costs found on the old one also on the new, with memoranda of levy or other matter, officially endorsed — and what has been done on this occasion seems quite conformable, and not to involve any diversity on principle.
If the costs, which have absorbed a goodly portion of the sales made, had been already paid, or had been improperly taxed — that was matter which defendant had ready means to redress by bringing in review the taxation, at the proper time, before the fit tribunal. If costs have been unlawfully exacted, *377 or received, we are all familiar with a means of very ample reimbursement by statutory authority.
Upon the whole, we see not sufficient ground for reversing the decision below, upon any of the questions made, and accordingly order that the motion be dismissed.
O’Neall, Wardlaw, Frost, Whitner and Glover, JJ., concurred.

Motion dismissed.